## KELLOGG vs. BARNES.

1840.
Second Circuit.

Where the complainant had due notice of a motion to dissolve an injunction, and he neglected to appear and oppose the motion, the defendant was permitted to take his order dissolving the injunction with costs.

Kellogg
vs.
Barnes.

Motion to dissolve an injunction.

B. F. COOPER, for defendant.

Moved, in tendering admission of due service of a notice of the motion that the injunction issued in this cause, be dissolved, for want of equity in the bill. No counsel for the complainant appearing to oppose, Cooper contended that the practice in such cases was, or should be, that the motion, be granted with costs, without the papers being read or any further account given to the court, than simply to state the application to be made, and show, by admission or affidavit, that notice had been brought home to the opposite party. 1 *Smith's Pr.* 66; *Rule* 62, 69; 2 *Caines' R.*, 379, 80; 3 *Caines' R.*, 82; 1 *Hoff. Pr.*, 551; 1 *Dunlap's Pr.*, 327, 350–2.

H. N. WALKER. as amicus curiæ. suggested that the former practice of the court had been to look into the papers as if they had been submitted on argument.

THE CHANCELLOR. Where a party after service of notice of retainer, neglected to appear and oppose, the court say, by not appearing. the party consents to the application. *Ekhart* vs. *Dearman*, 2 *Caines' Rep.*, 379. Such, also, appears to be the practice in England.

The defendant may take the order that the injunction be dissolved with costs, stating in the order, however, that no one appeared on the motion to oppose.